R. W. AYLETT AND KUHIAU *vs.* KEAWEAMAHI.

EXCEPTIONS.

HEARING, DECEMBER 21, 1891.    DECISION, FEBRUARY 27, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

1. Proper practice indicated in regard to transcripts of notes of evidence by the short-hand reporter.

2. A deed conveying "two enclosed lots" (elua pa) "at Kaakopua," held, not to be a patent ambiguity, it not appearing on the face of the deed that the grantor had other lots in Kaakopua.

3. Parol testimony admissible to identify and locate the lots.

4. R. Keelikolani made a deed of gift of two lots at Kaakopua to Kalaikuewa in 1871, which deed was recorded. R. Keelikolani made a deed of the same land to Keaweamahi in 1878. Held, the silence of Kalaikuewa, who was present when the deed was made, did not estop her or her privies from asserting a claim against it; first, because, under peculiar circumstances in the opinion set forth, she might not be aware of the state of her own title; and, secondly, because the record of the deed was sufficient to put Keaweamahi on his inquiry as to the true state of the title.

5. At the same time of the deed of R. K. to Kalaikuewa, her kahu, she, R. Keelikolani, gave to W. P. L. Kalahoolewa, her adopted son, a deed of all the Ili of Kaakopua, which was recorded before that of Kalaikuewa. Held, that the two deeds were parts of the same transaction, and the deed of the Ili of land is subject to that of a portion of the Ili.

6. The deed from R. K. to Kalaikuewa contained a covenant of warranty. Held, that a deed from the successors to the title of R. K. through Kalahoolewa to the defendant is inadmissible as against the privies of Kalaikuewa, for it (the covenant of warranty) should enure to her and their benefit.

7. Tenants in common may join in action of ejectment and recover mesne profits.

OPINION OF THE COURT, BY JUDD, C.J.

The plaintiff, Kuhiau, having deceased testate on the eighth day of June, 1891, since the trial of this case before a jury, the

following persons are substituted therefor with leave to proceed with the suit, viz., Christian Titcomb, by Lorrin A. Thurston and Angeline Kuhiau, his guardians, and Lawrence Kekei and Kaomea, devisees of said Kuhiau.

At the hearing on the bill of exceptions, the attorneys for the plaintiffs moved to dismiss it on the ground that it did not, according to Rule 8, embody the testimony. We find that the bill of exceptions sets out "that the witnesses respectively testified as per the notes of the official stenographer, a transcript whereof is hereto annexed marked Exhibit K, and made a part hereof."

The roll made up by the Court stenographer of his notes of the evidence, written upon a typewriter, was not annexed to the bill of exceptions. It is bulky, consisting of 126 pages of foolscap, and could not conveniently be "annexed" to the bill. It was not, in fact, marked Exhibit K. But it was made up and marked with the name of the case, and was lying with other rolls containing evidence adjacent to where the papers were filed.

As this Court has not had the assistance of a short-hand reporter very long, and the question is therefore a new one to us, we hold that the rule has been sufficiently complied with in this case. We think the proper practice should be this: The stenographer should sign the transcript of evidence, and the clerk should label it with the name of the case, and it should be so marked as an exhibit to the bill of exceptions as to be readily identified as a part of it and be filed.

A short account of the case will assist us in disposing of the exceptions raised by the bill.

1. January 30th, 1871, Ruth Keelikolani sold to Kalaikuewa (w.) the two lots of land at Kaakopua, Honolulu.

2. By deed of the same date she, R. Keelikolani, conveyed to W. P. Leleiohoku Kalahoolewa the entire Ili of Kaakopua.

3. August 24th, 1878, Ruth Keelikolani conveyed to Kahaumia and Keaweamahi, husband and wife, for life, the same land that she had previously conveyed to Kalaikuewa. Kahaumia

21

is dead, the title in the land surviving to her husband, Keawea-mahi, the defendant in this case.

4. November 11th, 1882, Kalaikuewa died, leaving sundry heirs.

5. These heirs sold their interest in the estate of Kalaikuewa —three-quarters to R. Wm. Aylett and one-quarter to Kuhiau. Aylett and Kuhiau, being now tenants in common of all property owned by the estate of Kalaikuewa, are the plaintiffs in this case.

6. October 13th, 1883, the heirs of W. P. L. Kalahoolewa by deed of compromise conveyed to B. P. Bishop, among other lands, the said Ili of Kaakopua, conveyed to said Kalahoolewa by Ruth. Keelikolani, the deed reciting that said B. P. Bishop was the residuary legatee of said Keelikolani, and that the deed of compromise was for the purpose of settling all disputes between the heirs of said Kalahoolewa and the estate of said Keelikolani in and concerning the meaning of the said deed of January 30th, 1871, from Keelikolani to Kalahoolewa, and otherwise.

7. April 10th, 1891, the trustees under the will of B. P. Bishop made a deed to Keaweamahi, defendant in this case, of the premises in dispute, claiming title to convey by reason of and through the said deed from the heirs of Kalahoolewa to B. P. Bishop.

The first two exceptions are as follows:

1. Defendant objected to the introduction in evidence of the deed from Ruth Keelikolani to Kalaikuewa (Exhibit A) on the ground that the first clause in the granting portion, viz., "1. Elua pa ma Kaakopua, Honolulu," under which plaintiffs claim, is void for uncertainty in description, and is not sufficient to admit parol evidence in support of it.

2. Defendant objected to the admission of parol evidence offered by plaintiffs for the purpose of identifying and locating the "elua pa" named in the above deed.

This point is also made the subject of a prayer for instruction to the jury, as follows:

1. That the deed from Keelikolani to Kalaikuewa, under

which plaintiffs claim, is insufficient to convey any title to the land in question, by reason of vagueness of description and ambiguity upon the face of said deed.

The other exceptions are to the refusal of the Court to grant the following prayers for instruction to the jury, as follows:

2. That Kalaikuewa and her privies are estopped by her conduct, in standing by and allowing the deed to the defendant to be made, from now setting up title against the defendant.

3. That the deed from Keelikolani to W. P. L. Kalahoolewa, being recorded prior to the deed to Kalaikuewa, conveys the property in question, and that plaintiffs cannot recover.

4. That plaintiffs cannot recover any damages herein, because the right, if any, to damages is several, and the plaintiffs cannot recover in a joint action.

5. That the plaintiffs cannot maintain a joint action in ejectment, their rights being several.

6. That the plaintiffs cannot recover damages for occupation prior to the dates of their deeds.

7. If the jury believe that Kalaikuewa was present when Keelikolani made the agreement of sale to defendant, and that she allowed the sale to be carried out without objection and without notice to defendant of her claim of title, she and the plaintiffs who claim under her are estopped to set up title against the defendant.

8. If the jury believe from the evidence that at the date of the deed from Keelikolani, under which the plaintiffs claim, there were several house lots in the land of Kaakopua, Honolulu, besides the two mentioned therein, then the recording of said deed constituted no notice to subsequent purchasers of the lots thereby conveyed.

9. In order to give notice of title by registration of conveyances, the premises conveyed must be described with sufficient detail and precision to permit their being identified by one familiar with the locality in which the premises are situated. The deed from Keelikolani to Kalaikuewa, failing to thus describe the land in question, conveyed no notice by its record to subsequent purchasers of the premises in dispute.

It is claimed on the part of the defendant that there is a patent ambiguity in the deed; that it is therefore void for uncertainty. The plaintiffs claim that the ambiguity is latent and capable of being explained by parol evidence.

The defendant contends that the description of the premises must be sufficiently definite to enable the land to be identified. The plaintiffs contend that there is nothing on the face of the deed to show that the grantor owned more than two lots in Kaakopua—it is only by extrinsic evidence that it appears that she had other lots in Kaakopua, and that therefore the ambiguity is latent. Judge Caton, in *Dougherty vs. Purdy*, 18 Ill., 208, discusses this matter as follows: In the case before him the land was described in the deed as an undivided half of the N. W. quarter of section 1, township 1 North, in range 1 West, in the State of Illinois. There was more than one lot of land to which this description would apply. The Judge says: "This is a latent ambiguity which is shown only to exist by the presentation of evidence outside the deed. It is like the familiar instances put on the books, when the deed purports to convey black acre, and it is shown that there are two tracts of land bearing that name. When an ambiguity is duly made to appear by the introduction of proof outside the deed, it is a latent ambiguity and may be explained in the same way that it is shown. The ambiguity may be removed by showing that the grantor owned one of them, and the presumption is that he intended to convey the one he owned. If it is shown that the grantor owned both, it is still competent to show by parol proof which tract was meant to be conveyed, and thus explain by parol the ambiguity which was shown to exist by parol."

So, in the case before us, Keelikolani undertook to convey "two enclosed lots of land in Kaakopua." If she owned no other lots in Kaakopua there would be no uncertainty in the description, and on proof that she owned other lots in the land of Kaakopua, it was competent to show which ones were intended to be conveyed.

The following cases confirm this view: *Clark vs. Powers*, 45 Ill., 284, where there were three sections of land to which the

description would apply. *Coleman vs. Manhattan Beach Co.*, 94 N. Y., 229. Here the description was "Pelican Beach, near Barren Island, in the town of Flatlands." The Court say, "When words of general description are used, oral evidence is admissible to ascertain the particular subject matter to which they apply, without infringing upon the rule which prohibits parol evidence to add to or contradict the language of written instruments. The object of oral evidence in such cases is to ascertain the intention of the parties as expressed in the writing, and not to make the deed operate upon land not embraced in the descriptive words."

In *McNitt vs. Turner*, 16 Wall., 364, the Supreme Court of the United States say, where the description of the land would be equally applicable to another tract in another county, "proof of the ownership by Spotts of the tract sold was admissible to locate the description upon the proper premises and to remove the ambiguity which was found to exist."

Mr. Justice Miller, in *Deery vs. Cray*, 10 Wall., 269, said, "Now unless the deed is so fatally defective as that no subsequent competent evidence could make it good in point of the description, the Court did not exceed its just discretion in permitting it to be read." "In other words, if the uncertainty was a patent ambiguity, an uncertainty which inhered in the essence of the description, rendering it incapable of being applied to the subject matter, then the deed was void absolutely and should not have been admitted." Of this character was the land described in *Fenwick vs. Floyd's Lessee* "as part of R. manor, containing 251 acres, more or less." The manor of R. contained 4,000 acres, and nothing could be shown by which the 251 acres could be located or identified, and the description was a patent ambiguity. 1 *Harris & Gill*, 172.

So in *Lumbard vs. Aldrich*, 8 N. H., 31, the power of attorney authorized the sale by a bank of two pieces of land in Colebrook, N. H., belonging to the bank, one to Lumbard and one to Hilliard. The Court held the sale void, as there was nothing to show which piece was to be conveyed to Lumbard and which to Hilliard.

In *People vs. Klumpke*, 41 Cal., 278, the Court held that a deed was void for uncertainty, because the description of the premises would fit equally well four different parcels of land. No precedents are cited in the opinion, and it does not seem to be sustained by much authority. See *Kaleleonalani vs. Trustees Lunalilo*, 4 Hawn., 82; *American Bible Society vs. Pratt*, 9 Allen, 109.

The cases are numerous and not easy to reconcile. But we think the trial court was right in admitting the deed and evidence to identify and locate the lots of land intended to be conveyed. We overrule this exception.

The Court refused to charge the jury that Kalaikuewa and her privies are estopped to now set up her deed against the defendant, by reason of her silence at the time the subsequent deed was made by Keelikolani to defendant. This was right, for we do not think an estoppel was made out.

An ingredient necessary to an estoppel is that the silence must be with a knowledge of the person's own rights, and it fails in this case when we consider the relation of Kalaikuewa to her chief, Keelikolani. The conveyance to her, though in the form of a deed for a valuable consideration, ($1.00) was undoubtedly a gift or a settlement upon her favorite "kahu," or companion servant, and it is quite likely that this old lady may have supposed that what the chief gave her she could take away again. Understanding, as the Court does, the circumstances, we require that the facts should show silence with intention to deceive, such as would amount to constructive fraud. Moreover, the deed to Kalaikuewa was on record when the deed to defendant was made, and defendant cannot now say that he was ignorant of the true state of the title. If, as claimed by the defendant, the record of the deed of "two lots in Kaakopua" was too indefinite to apprise defendant that the land he was negotiating for had already been conveyed, it certainly should have put him on inquiry, and he cannot say that he was destitute of all means of acquiring knowledge of the true state of the title. This is sufficient to dispose of this point.

The Court was asked to charge the jury that the deed of Ili

of Kaakopua to Kalahoolewa, being recorded prior to that of Kalaikuewa, conveys the property in question and that plaintiffs cannot recover. This was properly refused, for an inspection of the two deeds shows that they were drafted by the same person, signed at the same time, witnessed by the same persons, acknowledged at the same time before the same officer, and, as both are evidently settlements upon two of the persons who the grantor wished to provide for, one her adopted son and one her kahu and friend, they are to be regarded as one transaction, and therefore the deed of the Ili to W. P. Leleiohoku Kalahoolewa should be regarded as subject to the deed of a portion of the Ili to Kalaikuewa.

Another exception is to the ruling of the Court in holding a deed from Chas. R. Bishop and others to defendant, of the premises in question, inadmissible. This deed is dated the 10th April, 1891, and is from the trustees under the will of Mrs. B. P. Bishop, who have succeeded to the title of W. P. L. Kalahoolewa in the Ili of Kaakopua. The deed of Keelikolani to Kalaikuewa contains a clause that may be translated thus: "I hereby bind myself, my heirs, executors and administrators to carry out (hooko) the declarations above made" ( i keia mau olelo maluna ) that is, the conveyance of the land. It is in effect a warranty, and the title afterwards acquired by those succeeding to the title in Kaakopua will inure to the benefit of the grantee Kalaikuewa and those claiming under her. Rawle, Cov. for Title, 5th ed., sec. 255 and notes; 2 Hermann on Estoppel, secs. 642, 646, 647; *Van Rensselaer vs. Kearney,* 11 Howard, 297.

The defendant was not a purchaser without notice, for he took this conveyance while the litigation in regard to this land was in progress, it being in fact dated April 10th, 1891, the first day of the trial. Having held that the prior record of the deed of Keelikolani to Kalahoolewa did not give it priority over her deed to Kalaikuewa, it is difficult to see how the deed of the successors to the title of Keelikolani through Kalahoolewa could have any effect as against Kalaikuewa.

The last point to be considered is the refusal of the Court to

charge the jury that the plaintiffs cannot maintain a joint action in ejectment or recover any damages herein, because their rights are several, they being tenants in common.

By the rules of common law they could not join in ejectment because the interest of each is separate and distinct, and as the subject of the action is the whole estate, it cannot be said that either party plaintiff is interested in the whole estate. But, says Freeman, in his work on Co-tenancy and Partition, sec. 341, "the rules of the common law in regard to tenants in common, suing for possession of the lands of the co-tenancy, have been so modified in most of the States of the American Union as to permit the tenants in common to sue jointly whenever they choose so to do. This modification has generally resulted from statutory enactments. This, however, has not been universally the case, for there are decisions in which, independent of statutory considerations, the right of tenants in common to make a joint demise, and the consequent right of their lessor to maintain ejectment, have been vigorously sustained." The authorities cited are; *Jackson vs. Bradt*, 2 Caines, 173; *Nixon vs. Potts*, 1 Hawks, 470; *Hoyle vs. Stow*, 2 Devereux, 321; *Barrows' Lessee vs. Nave*, 2 Yerger, 228; *Alford vs. Dewin*, 1 Nev., 211, and *Hillhouse vs. Mix*, 1 Root, (Conn.) 246. Unfortunately, none of these cases are accessible to us. But our records will show that the practice of tenants in common suing together in ejectment is universal. In fact, up to *Nahinai vs. Lai*, 3 Hawn., 317, a tenant in common was liable to nonsuit if he did not join all his co-tenants as parties plaintiff with himself. By that decision, followed by *Un Wong vs. Kam Chu*, 5 Hawn., 225, and other cases, a tenant in common may recover in ejectment according to the extent of his title. In *Holelua vs. Kapu*, 5 Hawn., 305, the plaintiffs, several of them, had claimed the land as tenants in common, and the Court held that one of the plaintiffs was estopped by the judgment in their favor to deny the title of the other in a subsequent action.

We think that, to avoid a multiplicity of suits, tenants in common should be allowed to sue jointly in ejectment, if they wish so to do. A judgment in such an action would be a bar

to a separate action by one of them. We therefore overrule this exception, and the verdict must stand.

*Thurston & Frear* and *A. Rosa,* for plaintiffs.

*Ashford & Ashford,* for defendants.

---

Since the above was written, we have received the Oregon Reports, Volume 11 of which contains a case confirming our opinion on the first and second exceptions. The case is *Richards vs. Snider,* 11 Oregon, 197. It was a suit for specific performance of a contract to sell land described as "lot 8, sec. 19, 4 N., 35 E." On demurrer the Court held that "this is clearly a case admitting of the identification of the subject matter by proof of extrinsic facts." The complaint alleged that the description in the agreement meant "lot 8, in section 19, in township 4 North, of range 35 East, Willamette meridian," in Umatilla county, Oregon, and that "appellant received possession of the premises from Snider under said agreement, and continued in possession thereof," etc. The Court say, "the facts admissible and effectual for this purpose which are alleged in the complaint, and admitted by the demurrer, seem ample. The possession alone, taken under the circumstances alleged, and in view of the stipulation for possession in the written agreement itself, should be held a sufficient identification."

*Purinton vs. N. Ill. R. R. Co.,* 46 Ill., 297, is to the same effect—that the construction put by the parties on their contract for the sale of land, by the grantee's taking possession with the permission of the grantor, removes the objection of uncertainty in the description. See also *Parkhurst vs. Van Cortland,* 14 Johns., 15. In the case before us there was evidence that Kalaikuewa took and held possession of the two lots at Kaakopua, the subject of this action, with the knowledge and approval of the grantor, whereby the insufficiency of the deed in regard to the description was cured.

April 23, 1892.