E. K. NAHAOLELUA *et al. vs.* KAAAHU (w) *et al.*

IN EQUITY. BILL TO REFORM A DEED.

HEARING, DECEMBER 17, 1894. DECISION, JANUARY 19, 1895.

JUDD, C.J., BICKERTON, J., AND CIRCUIT JUDGE COOPER, IN PLACE OF MR. JUSTICE FREAR, ABSENT ON ACCOUNT OF ILLNESS.

Plaintiffs, in a bill to reform a deed, failed to show with sufficient certainty the description of the land conveyed to entitle them to the relief prayed for; but the Court being of the opinion that the evidence showed that only a portion of Apana 4 of Land Commission Award 6245 was conveyed by the deed, and not the whole as claimed by the defendants, it was held that the plaintiffs and defendants were tenants in common of the apana and that the plaintiffs were entitled to a decree kindred to the one prayed for, and the case was remanded to the Circuit Court with leave to the plaintiffs to file a supplemental bill for the partition of the land.

OPINION OF THE COURT, BY COOPER, JUDGE.

On the 13th day of September, 1878, the plaintiffs executed a deed to the defendant Kaaahu. The consideration for the deed was $100.00 and the granting clause was as follows: "Nolaila ma keia ke kuai nei maua a ke hoolilo loa aku nei no Kaaahu i olelo mua ia i kela apana aina a pau loa e waiho la i Kamakela i Honolulu, Oahu, a iloko oia apana aina 266 anana 7 kapuai a nona ka helu i hoikeia 6245 a i ikeia ma ka inoa o Kalaeokekoi."

The principal contention between the parties is, that the plaintiffs' claim that the land sold and intended to be conveyed was but a small portion of Apana 4 of Royal Patent 1985, Land Commission Award 6245, while the defendants

contend that the entire apana was sold and conveyed by the deed in question.

Apana 4 contains according to the royal patent 1.704 of an acre, and the defendant adduced testimony to the effect that the measurement set out in the deed was by lineal measure and corresponded with the outside boundaries of the apana, while the plaintiffs endeavored to show that the area conveyed by the deed was only "266 anana and 7 kapuai" (266 fathoms and 7 feet) square measure, or about one-fifth of an acre, and also that the land conveyed was capable of being definitely located, and asked that the deed be reformed by inserting a description of the property by metes and bounds.

So far as the location of the land is concerned the deed may be said to contain a latent ambiguity, and parol testimony was admissible to make the description more definite in that respect. But we fail to find from the evidence that the plaintiffs accomplished this, further than fixing the general location to be within apana 4.

On the other hand we are of the opinion that the land conveyed was not the whole apana, but a portion of it only equal in area to 266 square fathoms and 7 square feet. There are many points in the case which support this conclusion. First, a fathom when used in the measurement of land is to be understood as meaning a square fathom, for in its common usage it is an integral part of a unit of land measure, and that it was so used in this case it is clearly shown by the deed itself. For had it been lineal measure that was meant, the result stated would have been 267 fathoms and one foot, as a fathom of lineal measure is six feet, while a square fathom contains 36 square feet. Consequently the expression "seven feet" must be considered as representing a fractional part of a square fathom. Secondly, the outside measurement of apana 4 is but 189 fathoms and 3 feet which is too great a difference to be accounted for as a discrepancy in surveying. Thirdly. The inadequacy of the consideration. While this feature would not ordinarily be considered as sufficient ground to set aside a deed yet in a case of this kind it is

available to show the probable intent of the parties. The evidence on this point is not very clear, but sufficiently so to show that $100 was far below the actual value of the whole apana, at the date of the sale.

The difficulty with the plaintiffs' case is that the location of the piece is not shown with such certainty as would justify the reformation of the deed, as prayed for, but we are satisfied that the main point in the case, as to whether or not the whole apana was conveyed by the deed should be decided in their favor.

As the parties have already been once at law in regard to this very transaction and were sent out of court by nonsuit, we feel that they are entitled to some relief in this proceeding.

While adhering strictly to the rule that equity will not interfere where there is an adequate remedy at law, we are of the opinion that a decree of a kindred nature to the one asked for by the plaintiff may well be entered in this case; and we find that by the execution of the deed in question Kaaahu and the plaintiffs became tenants in common of apana 4, Kaaahu's interest being equal to 266 square fathoms and 7 square feet.

The plaintiffs being out of possession, under this ruling, we make no finding as to the claims of the other defendants, except as above.

This proceeding is remanded to the Circuit Court, with leave to the plaintiffs to file a supplemental bill for the partition of the land.

Decree accordingly.

*W. C. Achi* and *E. Johnson*, for plaintiffs, appellants.

*A. Rosa* and *J. H. Barenaba*, for defendants.