*C. W. Ashford* and *Cecil Brown*, for plaintiff.

*J. Nawahi*, for defendant.

---

E. K. NAHAOLELUA and KIA NAHAOLELUA, her husband, *v.* KAAAHU (w), S. K. KAHAI, C. H. ROSE, LAI SAY, G. LONG and IOANE, by S. K. KAHAI, his guardian *ad litem*.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 19, 1895.          DECIDED MAY 31, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Parole evidence is admissible to identify and locate the land described in a deed, but not to extend the operation of the deed to land not embraced in its descriptive words.

Mere failure on the part of the owner of land to object to its possession and improvement by others, does not estop him from claiming the land, his title being of record, and he having done nothing to induce a belief that he had no title.

The act of an agent does not estop his principal unless done within the scope of his authority.

OPINION OF THE COURT BY FREAR, J.

This is a supplemental bill for partition. The original bill was brought for the reformation of a deed, the plaintiffs claiming that their deed, made in 1878, to the defendant Kaaahu, was intended to convey a definite portion of apana 4 of Royal Patent 1985, L. C. A. 6245, No. 1, but that by mistake the location of the land was left uncertain. The Circuit Judge held that the evidence as to location was not sufficiently clear to entitle the plaintiffs to the relief prayed for. Upon appeal this Court sustained the decree of the Circuit Judge, to the extent of refusing the relief prayed for, but held further, and against the defendants' contention that the deed conveyed the whole of apana 4, that it conveyed an undivided part thereof, equal to 266 square fathoms and 7 square feet, and remanded the case to the Circuit Judge, with leave to the plaintiffs to file this supplemental bill for partition. *Nahaolelua et al. v. Kaaahu et al.* 9 Haw. 600.

The Circuit Judge, upon the supplemental bill, answer, replication and proofs, decreed that partition be made.

The defendants, on this second appeal, object to a partition upon the grounds, (1) that, by the construction placed upon the deed by the parties thereto, as shown by their acts, the whole of apana 4 was conveyed, and (2) that the plaintiffs are estopped by their conduct from claiming any interest in this apana.

The acts and conduct relied upon in support of these contentions are mainly the following: The plaintiff, Mrs. Nahaolelua, at the time of her conveyance, in 1878, resided on Maui, and knew but little about the land, as her property had been in charge of Mr. Cartwright who had been her guardian; her husband, Kia, came to Honolulu, measured the land in a rough way, and arranged the sale; the defendant Kaaahu, after her purchase, took possession of the whole of apana 4, filled in wet and marshy portions thereof, and had a road opened thereon; at various times, beginning in 1885, she sold portions of the land to other persons; she and her grantees erected buildings

and made other improvements on the land; in 1891, Mr.
Cartwright, then Mrs. Nahaolelua's agent, took a mortgage of
the land from Kaaahu; the plaintiffs were repeatedly at the
place or in its vicinity and presumably saw and knew of the
occupation by Kaaahu, but took no steps to assert their rights
until 1891, when they brought ejectment, but discontinued
and brought this suit in 1892.

The first question, that of the construction of the deed, is
settled by the former decision of this Court, which is a part of
this case, and is expressly alleged in the supplemental bill and is
admitted in the answer.    The Court did not, it is true, in its
opinion upon the construction of the deed, advert to the acts
or conduct of the parties as bearing on the question of the
quantity of land conveyed; but it was unnecessary to do so.
There was no latent ambiguity on that point.    The deed con-
veyed 266 square fathoms and 7 square feet of Award 6245,
which contains 13.906 acres.    By no construction of which
its language is capable could it be made to cover the whole of
apana 4, which contains 1.704 acres; and parol evidence was
inadmissible to add to or contradict its language.

In *Aylett v. Keaweamahi*, 8 Haw. 320, cited by defendants'
counsel, there was a latent ambiguity as to which two of several
lots were intended to be conveyed, and extrinsic or parol evidence
of the intention of the parties, as shown by the possession of
the grantee, and the acquiescence of the grantor, was admitted
to identify and locate the lots.    In the language of the Court,
quoting from a New York decision, the evidence was admis-
sible "to ascertain the particular subject to which the words
apply," not "to add to or contradict the language" of the deed,
"to ascertain the intention of the parties as expressed in writing,
and not to make the deed operate upon land not embraced in
the descriptive words."    So, in the present case, parol evidence
was considered for the purpose of locating the land in apana
4 of the Award, but could not be considered for the purpose
of extending the operation of the deed to the whole of that apana.

Secondly, assuming that the deed was correctly construed as conveying only a portion of the apana, are the plaintiffs estopped by their conduct from asserting their title to the remainder of the apana? It does not appear that they took any active steps or actually did anything to induce or warrant the belief that they had no title to the land. They merely knew of the possession and improvement of the land by others and were silent. It is well settled both here and elsewhere that mere acquiescence, consisting of knowledge and silence, does not work an estoppel, unless, because of special circumstances, there is a duty to speak. A person has a right to assume that others will not enter and expend money upon his land, except at their own risk, without first searching the records and making necessary inquiries; and, if they neglect to pursue the ordinary means of ascertaining in whom the title lies, and suffer in consequence, it is their own folly. They cannot blindly take risks and then cast the loss, if any, upon the owner, who has done nothing to encourage them in their action.

In *Kela v. Pahuilima,* 5 Haw. 525, the defendant purchased land from one in possession without title, and put two buildings on the land; there was adverse possession for over 15 years; the plaintiffs often passed by the premises and presumably knew of the adverse possession and improvements, but made no claim or objection. The Court held that there was no estoppel, saying, "a purchaser is bound to examine the title. * * * The defendant had every opportunity to know that Pahuai, of whom he bought, had no title to the land. The plaintiff does not appear to have done anything to induce him to act on a different state of things." The facts of this case are almost identical with those of the case at bar.

In *Waiaha v. Naholowaa,* 6 Haw. 271, the plaintiff, after ejectment at law, brought her bill in equity for an account of moneys expended in improvements. She and her husband under whom she claimed by devise had held adverse possession for 19 years and erected buildings on the land; they had presumptive

knowledge of the true title. The Court refused the plaintiff relief, saying: "The only point in her favor is the apparent acquiescence of Naholowaa in the expenditures made on his land. But it does not seem to me that a person is bound to object to improvements being made on his land, where the facts show that the occupier had knowledge of the true title, and where there is no fraud or deception alleged or shown." See also *Kingman v. Graham*, 51 Wis. 232.

But it is said that the recorded deed of plaintiffs to Kaaahu was too uncertain to amount to notice to subsequent purchasers. If so, then it was their duty either to refrain from purchasing or else to make inquiries of the plaintiffs. The deed certainly did not justify them in supposing that the plaintiffs had conveyed the whole apana. In *Aylett v. Keaweamahi, supra*, the Court, holding that there was no estoppel, said, "we require that the facts should show silence with intention to deceive, such as would amount to constructive fraud. The deed to Kalaikuaiwa (under whom the plaintiff claimed) was on record when the deed to defendant was made, and defendant cannot now say that he was ignorant of the true state of the title. If, as claimed by the defendant, the record of the deed of 'two lots in Kaakopua' was too indefinite to apprise defendant that the land he was negotiating for had already been conveyed, it certainly should have put him on inquiry." The present case is stronger against the defendants, for here they claim under the uncertain deed, while there the defendant claimed against it.

The other Hawaiian cases, cited by defendants' counsel, *Greenwell v. Paris*, 6 Haw. 318; *Kahanaiki v. Kohala Sugar Co.*, Ib. 696; *Kalaeokekoi v. Kahele*, 5 Haw. 51; and *Kamohai v. Kahele*, 3 Haw. 532; differ materially in their facts from the case at bar, and contain no rulings contrary to the above doctrines.

It is contended, however, that the taking of a mortgage of the whole apana (with other lands) from the defendant, Kaaahu, by Mr. Cartwright, who was then agent for the plaintiff, Mrs. Nahaolelua, was a positive recognition that the title was in

Kaaahu.    In reply to this it is sufficient to say that, although Mr. Cartwright was at that time the agent of Mrs. Nahaolelua, he did not in that transaction act as such agent.    He acted for himself personally.    The act of an agent does not bind his principal unless done within the scope of his authority.    In this instance, Mr. Cartwright did not merely act without the scope of his authority as agent; he did not act as agent at all.

The decree of the Circuit Judge is affirmed.

*W. C. Achi,* for plaintiffs.

*A. S. Hartwell,* for defendants.