## IN ADMIRALTY.

### GEORGE W. BUMPUS *vs.* SHIP "LEWIS."

An officer of an American whaleship contracted to be paid off at Honolulu, "at home prices." The court held this to mean the average price of oil and bone at the vessel's home port, by latest advices, subject, in the case of oil, to a deduction for insurance, leakage, landing, guaging, and commissions ; and in the case of bone, to a deduction for insurance, shrinkage, labor, and commissions.

CHIEF JUSTICE LEE gave judgment as follows:

This is a suit for wages brought by the libellant against the American whaleship "Lewis."

It appears by the ship's articles that the libellant was shipped on the 17th December, 1855, as first mate of the "Lewis," for one cruise or season; was to receive the one-twentieth share of all the ship's catchings, besides a *bonus* of four hundred dollars, and was to be "paid off at home prices."

It is contended by the counsel for the respondents that the libellant is to be paid off in New Bedford, and not at Honolulu; but it seems to me that such a construction would lead to an absurdity, because if the mate, who shipped for only one season, was to be paid off in the same manner as those who shipped for the voyage after the return of the vessel to New Bedford, what was the necessity for saying he was to be paid off at home prices ? And what reason was there for making a distinction in the articles between his case and that of the other officers and the seamen ? This fact, that the libellant was to be paid off in Honolulu, is too clearly established in my opinion, to need further comment.

The only real question is, in my view, what is the proper construction to be given to the words "to be paid off at home prices " ? On the part of the libellant it is contended that by " home prices " is meant the gross price of oil and bone in New Bedford, according to the latest advices; while on the part of the respondents it is argued

that such construction would be unjust, and that the term "home prices" means nett home prices: that is to say, the gross prices, less freight, insurance, leakage and shrinkage, primage, commissions, labor, and exchange.

In my opinion, the fair construction of the contract is, that the libellant is entitled to receive at Honolulu the same prices for his share of the oil and bone that he would be entitled to were he now in the home port. In other words, we are to consider the libellant as having gone home in the ship; the vessel as having already arrived at her home port; and the home prices to be the same as those received by the last advices. What Mr. Bumpus would be entitled to receive in New Bedford, were the " Lewis " now there, he is now entitled to receive in Honolulu. He cannot fairly claim to be put in a better position with regard to prices, than he would occupy were he in the ship now at home; nor can the owners justly demand that he shall be put in a worse position.

The price of oil, according to this construction, would be the gross average price at New Bedford, which is by the latest advices eighty cents per gallon, less the insurance, leakage, landing, guaging and commissions; which according to the evidence would amount to a reduction of eleven cents per gallon, and would leave sixty-nine cents as the price which Mr. Bumpus is entitled to receive for his share of the oil in Honolulu. The respondents claim that they are entitled to a further reduction of sixteen cents per gallon, namely eight cents for freight, and eight cents for exchange. But I do not think the claim a just one, for as I said before, we must consider him as having gone home in the ship, in which case no freight or exchange would be chargeable. If the owners had made any advances to Mr. Bumpus on account of his wages before they were due, they would be entitled to charge for exchange; but no such advances have been made.

The price of bone would be the gross average price at New Bedford, which by last accounts was sixty-three cents per pound, less insurance, shrinkage, labor, and commissions, which would amount to a fraction over eleven cents per pound, and leave fifty-two cents as the price which Mr. Bumpus is entitled to receive for his share of the bone. The account then will stand thus:

Ship " Lewis,"

| To George W. Bumpus, | Dr. |
|---|---|
| To the one-twentieth of the oil taken, 105 bbls., 3,307 1-2 gals., at 69 cts., - - - - | $2,282 17 |
| To the one-twentieth of the bone taken, 1,465 lbs., at 52 cts., - - - - - - - | 661 80 |
| | $3,043 97 |
| Contra, Cr. | |
| By cash on account of wages, paid after arrival at Honolulu, | 482 20 |
| Leaving a balance due the libellant of | $2,561 77 |

Let judgment be entered for the amount of this balance in favor of the libellant, with costs.

Mr. Campbell, for libellant.
Mr. Bates, for respondents.