### AANA JACOBS *vs.* THOMAS CUMMINS.

#### ON EXCEPTIONS.

AN ACTION FOR DOWER is not a possessory action and may be brought against the party claiming title though not in possession of the land.

The failure of a widow to elect to accept her dower instead of the provision made for her benefit in her husband's will does not bar her right of dower in lands aliened during coverture.

The defendant, deriving his title solely from the plaintiff's husband, who was in possession when he sold, is estopped to show that the husband was not seized of the land.

Opinion of the Court by HARRIS, C. J.

In this action the plaintiff claims dower in a certain piece of land sold by her late husband, Samuel Jacobs, in his lifetime to the defendant, and the first point made by the defendant is, that at the trial, the presiding Judge was asked to instruct the jury:

First—That this being a possessory action, the jury must be satisfied that, at the time of the commencement of this action, the defendant was in possession of the land in dispute.

Secondly—That the plaintiff not having elected to accept her dower instead of the provision made for her by will, she cannot maintain this action.

These instructions were refused by the presiding Justice, and such refusal duly excepted to.

Aana Jacobs v. Thomas Cummins.

The presiding Justice left this question to the jury: Is the plaintiff entitled to dower?

### BY THE COURT.

But this is an action to determine the right of dower, and by no possibility could the plaintiff in this action recover possession of any of the land in question, since by showing herself entitled to dower, she by no means gets a judgment for any particular piece of land, but only establishes her right to have her one-third set off in accordance with the statute; she therefore has proceeded against the person who has title to the land, and it could make no difference to her who was actually occupying the land at the moment of the commencement of the action. The Judge, therefore, very properly declined to instruct the jury that it was a possessory action, or that the plaintiff should be shown to be in possession of the land, if he was shown to have the title of the land. Upon the second point, namely, that the plaintiff did not elect to accept her dower, instead of the provision made for her by her husband's will, the statute itself does not provide that her failure to make an election shall bar her of her dower; but merely says that she must elect, to abide by the provisions of the will, or not doing so, she will be endowed of his lands. The actual words of the statute are as follows:

"Civil Code, Section 1312. If any provision be made for a widow in the will of her husband, she shall within six months after the probate of the will, make her election or be endowed of his lands." The widow must have done something which showed that she had accepted the provisions of the will. It may have been in open court, it may have been by written renunciation of her dower, or it may have been by receiving and dealing with the property devised to her by her husband. But this woman did nothing to signify that she elected to take her husband's devise in lieu of her dower. She received nothing, she had nothing to receive, so that even under the statute, the point raised by the defendant

Aana Jacobs *v.* Thomas Cummins.

would not be available. But again, even if she had elected to take the provisions of the will, it would not bar her right of dower in lands which had been aliened during her coverture. Scribner on Dower, p. 515 and note. Again, the land in question originally belonged to Paeole, and descended to his daughter Keanu, who was the wife of Samuel Jacobs, and the mother of his son. The son survived the mother, and inherited from the mother. At the decease of the son, the father inherited the property. Now the point made is, that Keanu is shown to have been born before her parents were married; but there was evidence which tended to show that her parents were living together before the year 1830, at which date Kaahumanu married the whole nation at once, as it were, by decreeing that there should be but one wife for one husband, and that those who had been living together and continued to live together after that decree, should be taken to be married. The fact that the parents were shown subsequently to have gone through a religious ceremony of marriage, would tend very strongly to show that they lived together in accordance with the decree, and that their subsequent marriage by the clergyman was unnecessary and probably had in consequence of their relations to the church. But at all events the defendant is estopped from showing that Jacobs, the husband of this woman, was not seized, because he derives his title from Jacobs and makes no pretense of deriving it from any other source. See Collins *vs.* Torry, 7 Johnson; Bowne *vs.* Potter, 17 Wend., 164; Bancroft *vs.* White, 1 Caines, 185; Hitchcock *vs.* Harrington, 6 John., 290; Thorndike *vs.* Spear, 31 Me., 91. In this last case the widow proved a deed of the estate to her husband, and one with warranty from him, and that was held sufficient to establish the husband's seizin. In Bolster *vs.* Cushman, 34 Me., 428, it was held sufficient to show that the husband was in possession of the premises and made a deed of warranty for the same, and that the tenant claimed under him. In Mard *vs.* Fuller, 15

Pick., 185, it was held that a deed of land duly acknowledged and recorded raises a presumption that the grantor had sufficient seizin to enable him to convey.   See, likewise, Embree, widow, *vs.* Ellis, 2 Johnson, 119.   In the case of Moore *vs.* Esty, 5 N. H., 479, it was held that a tenant might show that the husband was never so seized as to entitle the widow to dower.   But that was a case where the father had conveyed to the son, and the son had re-conveyed to the father with a provision that the father shall not re-enter and take possession if the son should continue to fulfill the conditions of a bond of maintenance, which he did not do, and the father re-entered, and the Court makes use of this expression:  It is possible that there may be cases in which a tenant in a writ of dower, who claims under the husband, cannot be permitted to set up the title of a stranger to disprove the seizin of the husband; but there is no pretense that there is anything in the circumstances of this case which can preclude the tenant from showing that the husband was never so seized as to entitle this demandant to dower.

This case is best summarized in Scribner on Dower, 2d Vol., p. 231:   "The decided weight of authorities so far as they relate to the bill of exceptions, seems to be that where one enters into the possession of land under and by virtue of a conveyance in fee, with covenants of warranty from another, and retains that possession, relying upon the grant or the possession under it, in aid of his title or possession, he cannot deny the title thus acquired against the grantor and those claiming under him; and it is not material whether this preclusion is founded upon a legal estoppel or the moral policy of the law alluded to by Ch. J. Marshall in 7 Wheaton, 535.  It is equally effective in either case, and the latter principle would seem to apply to conveyance without as well as with warranty; 120 Ohio St., 231."  In our present case, Jacobs, the husband of the plaintiff, was in possession, and conveyed to this defendant, who claims by no other right.  The wife

did not release her dower, and the defendant cannot be permitted to show that Jacobs was not seized.

Exceptions overruled.    Judgment on the verdict.

T. C. MacDowell for plaintiff.

E. Preston and C. Brown for defendant.

Honolulu, April 22, 1878.