### T. NAKEU *vs.* J. W. HIWAULI.

COVENANT.   BEFORE McCULLY, J.

DECEMBER, 1885.

A recital in a deed, informally drawn in Hawaiian, held to be a covenant of warranty, but only as to the title recited in the deed, and not as to other or better titles.

DECISION OF McCULLY, J.

The complainant claims damages, having been lawfully ousted from premises conveyed by deed recited below. The defendant demurs upon the ground that the deed contains no covenant of title in the premises and for quiet enjoyment.

The instrument is in the Hawaiian language. I translate it as follows:

Know all men by this instrument that we both (maua) Hiwauli (k.) and my wife Kaeha (w.), of Waianae, Island of Oahu, for as much as Hiki (k.) was the own brother of Maua-lani (w.) who was the own mother of Nalua (k.), who was my father (Hiwauli), and in consideration of $239 received by us from Tryphena Nakeu (w.), the receipt of which is acknowledged by this instrument. We have therefore given to be your own (a lilo loa) by sale or purchase, and convey and release altogether (loa) our right or portion (kuleana) in the lot of land awarded to Hiki (k.) by Royal Patent No. 2081, based on kuleana award No. 1979, situated at Kapalama, Kona, Island of Oahu, and conveyance is made of our interest in the said above land of any and every kind, all the rights and appurtenances thereof, to Tryphena Nakeu (w.) and her heirs, successors and assigns forever.

And we both bind ourselves, our heirs, successors and assigns, with a covenant of truth to execute truly (hooko pono, *i.e.*, truly carry out) all things written in this instrument.

In witness whereof, etc., etc., etc.

It seems to me that the latter clause of the deed is a covenant. The Hawaiian phraseology is sufficiently an equivalent of the terms commonly used to express a covenant in the English. But "any words in a deed in whatsoever part found from which the intent of the parties to enter into an engagement can be collected are sufficient for that purpose." *Newcomb vs. Preshey*, 8th Met., 410. It is a covenant to execute, warrant and defend what is previously expressed in the deed. And that I take to be that the genealogy set forth in the deed is correct, viz., that the grantor is the grandson of the sister of the patentee, and that he conveys to the grantor such an interest as by that recital of relationship he may have in the estate of the patentee. What does that recital import? It does not import or convenant that the patentee left no issue or widow, or that Maualani, the grandmother, was the only brother or sister to take collaterally, or

that Nalua, her son, was sole heir to her, or that the grantor is the sole heir of his father, or that all of these parties are deceased or are intestate. The complaint sets forth that the plaintiff has been ousted by one Kale Aihonua, lawfully claiming by an older and better title.

There may be better titles in perfect consistency with what the grantor has set out in his deed and covenanted to be true. It is not alleged in the complaint that the recitals of the deed are not true. In my view that is all which the grantor covenanted to maintain. If he took nothing thereby his grantee cannot hold him for breach of contract.

The demurrer is sustained and complaint dismissed.

*W. R. Castle,* for plaintiffs.

*Kinney & Peterson,* for defendant.

Honolulu, December 16th, 1885.