## J. ROBELLO *vs.* F. GERARD.
### COVENANT. BEFORE MCCULLY, J.
### APRIL TERM, 1886.

Covenant of warranty in a deed held to be a warranty only of the grantor's title and not of a perfect title.

### DECISION OF MCCULLY, J.

Action for damages on covenants in a deed.

The defendant demurs.

The portions of the deed involved in this controversy are the following: The defendant grantor bargained and sold "and by these presents do grant and convey unto the party of the second part, his assigns, etc., one blacksmith's shop situated on the Ahupuaa of Waiohinu, district of Kau, Island of Hawaii, and all my right, title and interest to the *komokino* right for the said blacksmith shop on the Ahupuaa of Waiohinu, to have and to hold the same, etc.

"And I do [for] myself, my heirs, etc., covenant and agree to and with the said party of the second part, his etc., to warrant and defend the sale of the said property hereby made," etc.

The complainant avers that a party, "which at the time of the said sale to the plaintiff and thence hitherto claimed to have and had lawful right and title to the said property and to the possession thereof," evicted the plaintiff.

The defendant submits on demurrer whether the covenants in the deed govern the grantor's *komokino* right or whether they are qualified by and limited to the words "right, title and interest." Did the grantor covenant to maintain a perfect right and title or the right and title which he had?

Some cases stating the law governing this matter are the following: *Sweet vs. Brown* 12 Met., 175. "The warranty is of the premises which were granted and conveyed by the deed. But that was 'all my right title and interest in and to that parcel of real estate, situate,' etc. It was not a grant of certain land in general terms, but of his title and interest in such lands,

39

and this particularly and fully expressed." *Allen vs. Holton,* 20 Pick., 458; *Blanchard vs. Brooks,* 12 Pick., 47, 66; *Ballard vs. Child,* 46 Me., 152.

The covenants in a deed are restricted to the grant, and if the grantor conveys only his own right and title in the premises he is not liable upon his covenants of warranty even against persons claiming under his own previous conveyances. In *Hubbard vs. Althorp,* 3 Cush., 419, the Court, referring to some of the above cited cases, say "it is unnecessary to consider particularly the effect of a covenant of warranty in a deed, when the only thing described in the premises is the right, title and interest of the grantors."

It seems to me that no other principle could be supported by reason or authority.

It was held in this Court by a single Justice and not appealed to the Court in Banco, in *Nakeu vs. Hiwauli, ante,* page 596, that the warranty extended only to the matter set forth in the grant, which was that the grantor sustained a certain relationship to the deceased patentee, and covenanted for that right, whatever it might be. It is to be observed that the deed contains no covenant of seizin of anything, and it contains no description by metes and bounds of any premises. Only the words "my right, title and interest to the *komokino* right for the said blacksmith's shop," are given to define any supposed right to the site of the shop. This is simply unintelligible. A covenant must covenant something having a precise and legal meaning. The conveyance or bill of sale of one blacksmith shop is not, I think, qualified by the words, "right, title and interest," and the warrant is to defend the sale of that property. The plaintiff's declaration I hold to be good for that and nothing more.

He may amend on payment of all costs to the present time, otherwise the whole demurrer is sustained and the complaint dismissed.

*S. B. Dole,* for plaintiff.
*Kinney & Peterson,* for defendant.
Honolulu, April 27th, 1886.