*W. C. Achi*, for defendant.

---

## ANA KAPUAKELA *vs.* ISAAC D. IAEA AND CECIL BROWN, Trustee.

APPEAL IN EQUITY FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HEARING, SEPTEMBER 25, 1894. DECISION, OCTOBER 15, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

(1) A bill in equity to cancel a deed, on the ground of fraud, failed on the evidence. The deed covered all the land in a certain Royal Patent. The Court refused to allow plaintiff to amend her bill so as to admit of a decree, under the general relief asked for, that defendant convey to her the share of the land she claimed to be (by descent from the patentee) entitled to; she claiming that the deed covered more than the grantor was entitled to by descent from the patentee. The plaintiff was out of possession: Held, no error, as this was a matter for law and not for equity.

(2) Equity has cognizance of an equitable title, whether the complainant be in or out of possession. If the title claimed be legal in its nature, and the complainant be out of possession, and a resort to ejectment will relieve him, equity will decline jurisdiction.

OPINION OF THE COURT, BY JUDD, C.J.

On the 8th December, 1893, one Pilipo, a few days before his death, made a voluntary conveyance to the defendant Iaea for the nominal consideration of one dollar and his affection to said Iaea, reciting him as his foster son. The land conveyed is situate in Waiau, Ewa, Oahu, having been granted by Royal Patent No. 168 to one Liliu in 1851. The

land was in possession of the grantor at the time of the conveyance and had been so for many years. Later the defendant Iaea conveyed this land among other parcels, to Cecil Brown, Esq., as trustee to secure a sum of money advanced to pay a pressing obligation of the said Iaea. One Ana Kapuakela, niece and sole surviving heir at law of Pilipo, grantor of the deed in question, brought a bill in equity in March of the present year to cancel the said deed as having been procured of the grantor, by defendant Iaea, by fraud, undue influence, persuasions and other means, taking advantage of the grantor's severe illness and mental weakness. The defendant Iaea admitted that the plaintiff was the nearest of kin and heir at law of the said Pilipo, but relied upon his deed from Pilipo. The plaintiff admittedly failed to make out a case of fraud. She, however, put on testimony tending to show that one Kaapahili, the father of Pilipo, was a brother of the original Patentee Liliu, and as the plaintiff was the niece of Pilipo (being the daughter of Kamae a brother of Pilipo), therefore the plaintiff was entitled to one-half of the land of Liliu as a tenant in common with Pilipo. Therefore, before closing, plaintiff moved to be allowed to amend her bill by the insertion of a clause that plaintiff is and has been since the death of her father Kamae entitled to an undivided half of the said premises. This amendment was asked for to entitle the plaintiff to ask, under the prayer for general relief, that the defendant, Mr. Brown, in whom the title was, might be ordered to convey to the plaintiff one undivided half of the lands, the deed of Pilipo wrongfully covering all the land. This amendment was refused by the Circuit Judge and the bill was dismissed on the merits. Appeal was taken, and the point presented to us is that the refusal of the court to grant the amendment was erroneous.

It is not competent for a court of equity on a bill to cancel a deed for fraud to try the title of the maker of the deed to the property involved, for this is a question of law. Moreover the defendant denied that the property came to Kaapahili, the common ancestor by descent from the patentee

Liliu and he had a right to make this defense before a jury.

The claim of plaintiff that she was entitled to an undivided half of this land was a claim of a legal nature and equity has no jurisdiction to determine it.

Cases are cited by plaintiff to sustain the view that a court of equity having once obtained jurisdiction of a matter will continue it and grant, under the prayer for general relief, such relief as the plaintiff is entitled to without his having claimed in the bill that particular relief. As a general proposition this is true, but it does not apply here. In our case equity had jurisdiction solely because fraud was alleged. This failed on the evidence. There was nothing left which the plaintiff asks for but her claim of a legal title in the land. Equity has no jurisdiction of such a question. This will be perfectly clear if we make the supposition · that the bill originally solely asked that plaintiff, on proving her title by descent, might have a decree that the trustee Brown convey one-half of the land to her. Such a bill would be demurrable on the ground that plaintiff had a plain and adequate remedy at law. And she is in no better position now. The case of *Whipple vs. Farrar*, 3 Mich. 447, is especially relied on by plaintiff. In that case the court, having determined that the equitable title of the premises was in the complainant, decreed possession to him instead of leaving him to his further remedy by ejectment.

In the case before us plaintiff had not proved an equitable title to the land. In the same court that decided *Whipple vs. Farrar*, it was held that a bill to quiet title by a complainant not in possession against one in possession, cannot be maintained, where no reason appears for not bringing ejectment. *Barron vs. Robbins*, 22 Mich., 35.

This we find is the law. See *Johnson vs. Huling*, 127 Ill., 14. We put the case as follows: Plaintiff asked that the deed be cancelled, alleging fraud. This ground failed. She being out of possession now prays that the grantee of the deed convey her one-half of the premises because she has a legal title to it, and asks the equity court to pass upon this

independent question. To enable a party not in possession to maintain a bill to quiet title he must have an equitable title, one that cannot be enforced at law. *Smith vs. McConnell*, 17 Ill., 135.

In 3 Pomeroy Eq. Jur., Sec. 1399, note 4, the rule is thus stated : "When the estate or interest to be protected is equitable, the jurisdiction (of equity) should be exercised, whether the plaintiff is in or out of possession, for under these circumstances legal remedies are not possible ; but, when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of legal remedies. Thus, for example, a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment under ordinary circumstances." This is approved in *Graves vs. Ewart*, 11 S. W. Rep. 971 (Mo.) and we hold it to be good law. The plaintiff was not entitled to the amendment and her bill was properly dismissed.

*Carter & Carter*, for plaintiff.

*W. C. Achi*, for defendants.