JOHN F. COLBURN, TRUSTEE UNDER THE WILL OF ROBERT WILLIAM HOLT, DECEASED, *v.* GEORGE H. HOLT, EDWARD S. HOLT, MAY K. BROWN, HELEN A. CUSHINGHAM, INDIVIDUALLY, AND HELEN A. CUSHINGHAM, AS GUARDIAN OF THE PERSONS AND ESTATES OF VALENTINE O. HOLT, WATTIE E. HOLT, AMELIA A. HOLT, HELENE A. HOLT, AND IRENE HOLT, MINORS, AND HELEN A. CUSHINGHAM, AS ADMINISTRATRIX OF THE ESTATE OF JAMES R. HOLT, JR., DECEASED, ANNIE K. KENTWELL, FREDERICK E. STEERE, MAKAHA COFFEE COMPANY, LIMITED, A CORPORATION, HENRY HOLMES, TRUSTEE, AND HENRY HOLMES, INDIVIDUALLY.

APPEAL FROM DISTRICT MAGISTRATE, EWA, OAHU.

SUBMITTED MARCH 2, 1908.               DECIDED MAY 12, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

LANDLORD AND TENANT—*summary possession.*

An action of summary possession against a lessee cannot be brought by one owning an undivided two-thirds interest of the lessor without alleging at least that the lessee is not entitled to the other one-third.

PRACTICE—*appeal on points of law.*

On appeal from a district magistrate on the point of law that a demurrer was erroneously sustained the judgment will be affirmed if any one ground of demurrer, though not passed upon, was well taken.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by plaintiff on points of law from a judg-
ment against him in a summary possession action instituted
in the district court of Ewa to forfeit a lease of certain lands
in Waianae and to recover possession of said lands, the ground
of forfeiture being a breach of covenant to pay the taxes. The
lease was made on November 22, 1862, by W. A. Aldrich,
executor of the will of R. W. Holt, to John D. Holt, for the
life of the lessee. The complaint alleges that the taxes on an
undivided two-thirds of the lands were assessed to C. A. Long,
administrator de bonis non with the will annexed of the estate
of R. W. Holt, that the defendants who are in possession of the
lands and who hold the same by virtue of divers mesne con-
veyances from the lessee have not paid the taxes as agreed in
the lease, and that plaintiff is entitled to an undivided two-
thirds interest of the lessor in the lands. The demurrers to
the complaint by the various defendants on the ground that
the assessment of taxes was not a legal or valid one were sus-
tained, the other grounds, which were not passed on, being that
no cause of action is set forth, that the conveyances to defend-
ants from the lessee are not set out or attached to the complaint,
and that the complaint is vague, uncertain and unintelligible.

The only point of law relied on by plaintiff being that it
was erroneous to sustain the demurrers, the judgment will have
to be affirmed if any of the grounds of the demurrers are well
taken, that is, if the conclusion of the district magistrate was
correct it must be affirmed irrespective of his reasons.

This is a proceeding under a statute which must be strictly
complied with and pursued only so far as permitted by the
statute. *Carter v. Wing Chong Wai Co.,* 12 Haw. 291, 294.

Under our statute (Sec. 2089 R. L.) it is provided that
"whenever any lessee   *   *   *   of   any   lands   *   *   *
shall hold possession of such lands   *   *   *   without right

\*   \*   \*   the person entitled to such premises may be restored to the possession thereof in manner hereinafter provided." It is further provided by Sec. 2094 R. L. that the writ of possession which follows judgment for plaintiff "shall issue to the high sheriff, or to any sheriff or police officer of the city or district where the premises are situated, commanding him to remove all persons from said premises and to put the plaintiff or his agent into the full possession thereof."

From all that appears in the complaint defendants may be rightfully in possession of the lands by virtue of holding the other undivided third interest of the lessor therein, and consequently even if plaintiff got judgment they could not be removed from the premises and plaintiff put into the full possession thereof as provided in the statute. This statute, which as pointed out must be strictly followed, does not contemplate an action in a case like the present unless at least it is alleged that the defendants are not in possession of the lands by virtue of the ownership of the remaining one-third interest of the lessor. As such an allegation has not been made, it follows that the demurrers will have to be sustained on the ground that no cause of action is set forth.

In *King v. Dickerman,* 11 Gray 480, an action of summary possession was brought by a landlord owning nine-tenths of certain premises against his tenant who it appeared from the evidence was also entitled to the possession of the other one-tenth. The court held that the action could not be maintained, saying, "The difficulty is that in such case the plaintiff is not entitled to possession of the demised premises to the exclusion of the defendant. Both parties have a legal right to the possession of the estate and of every part and parcel thereof, according to their respective titles. But this process is strictly a possessory one. The entire fruit of the judgment is a mere writ of possession, by which the officer is required to eject the tenant. It is difficult to see how such a process can legally be

issued against a party, who being a tenant in common with the plaintiff, is after judgment still entitled to remain in possession; or how it is practicable to serve it by ejecting a person who has a right to occupy the premises as tenant with the plaintiff."

The judgment appealed from is affirmed.

*C. W. Ashford* and *C. A. Long* for plaintiff.

*A. G. M. Robertson, Holmes & Stanley, W. W. Thayer* and *E. M. Watson* for defendants.