# RAMONA JELLINGS, ET AL., *v.* HARRY A. BALDWIN, ET AL.

## No. 1701.

APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

ARGUED NOVEMBER 15, 1926.  DECIDED DECEMBER 15, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

EQUITY PLEADING—*specific performance.*

A bill in equity for specific performance held defective upon demurrer on the ground that the bill does not state facts sufficient to entitle the complainants to the equitable relief prayed, where the contract sought to be specifically enforced is alleged to be an oral one, later reduced to writing, for the conveyance of a fee simple title in lands, clear of all incumbrances, a copy of the writing referred to being attached to the bill as a part thereof in the form of two exchange deeds, the one containing the only undertaking in the premises on the part of the respondents or any of them being a deed which sets forth that five of the respondents as trustees of H. P. Baldwin, deceased, for a consideration named, "do hereby give, grant, bargain, sell and convey unto the said party of the second part, all our right, title and interest of any and whatsoever nature in, to or out of that certain piece or parcel of land," followed by a description of the land and by habendum, tenendum and testimonium clauses; said deed containing no further covenants or agreements on the part of respondents.

SAME—*quieting title—bill to remove cloud.*

A bill in equity to quiet title praying surrender for cancellation of deed to one of the corporation respondents of property subsequently acquired by trustee-grantors, held fatally defective upon general and special demurrer for failure to allege (1) legal title in complainants or any of them; (2) possession of land by complainants or any of them, in the absence of a showing that the aid of equity is required to remove obstacles which prevent a successful resort to an action of ejectment, or that its jurisdiction is invoked, after action at law, to prevent a multiplicity

of suits, and in the absence of allegation of specific equitable grounds for relief.

ESTOPPEL—*after-acquired interest.*

Where grantors having an interest in land convey the same by deed containing no averment that they are seized or entitled to any other or different estate, and containing no warranty or other covenant for title, they are not estopped from setting up an after-acquired title to other interests in said land.

### OPINION OF THE COURT BY PARSONS, J.

This case is before us upon interlocutory appeal from the decision and decree of the circuit judge sustaining respondents' demurrer to complainants' bill in equity entitled "Bill for Specific Performance and to Remove Cloud on Title." The bill with exhibits covers ten pages and the recital of facts is set forth in nineteen numbered paragraphs. The demurrer is based upon thirteen separately enumerated grounds and is sustained, as set forth in the ruling of the circuit judge, upon ten of them. Beginning with paragraph numbered 3d the bill alleges as follows:

"3d   That on or about the 29th day of June, A. D. 1920, the complainants, Lahela Reimann and A. H. Reimann, her husband, and the respondents Harry A. Baldwin, Frank F. Baldwin, Dr. William D. Baldwin, Samuel A. Baldwin and Harold W. Rice, executors or trustees of the estate of H. P. Baldwin, deceased, through themselves and David T. Fleming, their agent, entered into a verbal agreement, which later on was reduced to writing, to exchange interests in the ili of Moomuku, Kaanapali, Island and County of Maui; said Lahela Reimann and A. H. Reimann, her husband, agreed to convey unto the said executors or trustees of the estate of H. P. Baldwin, deceased, one undivided share of said Lahela Reimann in the ili aina of Moomuku, aforesaid, clear of all encumbrances; and said executors or trustees then agreed to convey unto said Lahela Reimann a piece of land in said Moomuku, in fee simple, clear of all encumbrances, which piece contains an area of about three (3) acres.

"4th That on the 29th day of June, A. D. 1920, the said Reimanns performed their part of the contract or agreement by making a deed of one undivided share of said Lahela Reimann, in said Moomuku, to said executors or trustees, as aforesaid, clear of all encumbrances, as more fully appears in a deed dated June 29th, 1920, and recorded in Liber 554, on page 405. A copy of said deed is hereto attached, marked Exhibit 'A' and made a part of this complaint.

"Said share of Lahela Reimann in Moomuku comprises at least eleven (11) acres of land in area.

"5th That on or about the 30th day of July, A. D. 1921, said executors or trustees of the estate of H. P. Baldwin, deceased, for and in consideration of said agreement, verbally made between the parties mentioned, and in further consideration of said deed given by Lahela Reimann and A. H. Reimann, her husband, unto the said executors or trustees of said estate of H. P. Baldwin, deceased, executed and delivered unto said Lahela Reimann a deed which purported to grant unto said Lahela Reimann a fee simple title, clear of all encumbrances, to a piece or parcel of land situate at said Moomuku, as more fully described in said deed dated July 30th, 1921, a copy of which is hereto attached, marked Exhibit 'B,' and made a part of this complaint.

"6th On account of said agreement and deed, the Reimanns aforesaid delivered to said executors or trustees of the estate of H. P. Baldwin, deceased, the possession and control of the interest of said Lahela Reimann in one (1) share in Moomuku, Kaanapali, County of Maui, clear of all encumbrances, and through said agreement and deed the aforesaid executors or trustees of the estate of H. P. Baldwin, deceased, delivered to said Lahela Reimann the possession and control of the piece or parcel of land in Moomuku aforesaid, which was intended to be conveyed to her by said executors or trustees of the estate of H. P. Baldwin, deceased, in fee simple and clear of all encumbrances, and the said Lahela Reimann accepted the possession and control of said premises with the full understanding that she had received a good and clear title to the premises conveyed and delivered to her.

"7th That said agreement of exchange and making of

deeds between the Reimanns and the executors or trustees of the estate of H. P. Baldwin, deceased, were made while the executors or trustees aforesaid were, and they still are, very shrewd business men, and the Reimanns were and are ignorant people and did not know much about exchanging of lands; and furthermore, at the time of said agreement for exchange and making of deeds, the Reimanns had a great deal of confidence in the honesty and trustworthiness of the said .executors or trustees of the estate of H. P. Baldwin, deceased.

"8th   That at the dates of said agreement for exchange and the making of deeds between the parties, as above stated, the said executors or trustees of the estate of H. P. Baldwin, deceased, knew that they, the said executors or trustees, had not gotten all the shares in the ili aina of Moomuku, but the said Reimanns did not know, and had no means of knowing, that the estate of H. P. Baldwin, deceased, or its representatives, had not gotten all the shares from all the former owners of Moomuku, but the said Reimanns believed that, at the time of the making of the deed to Lahela Reimann, the estate of H. P. Baldwin, deceased, was the owner of all the shares in Moomuku aforesaid.

"9th   That later on the said Lahela Reimann and A. H. Reimann, her husband, conveyed the premises conveyed to her by said executors or trustees by deed dated July 30th, 1921, to Mary Kalua, their own daughter, by deed dated July 22nd, 1922, and recorded in Liber 653, on pages 242 and 243.

"10th   That on or about October 27th 1922, said Mary Kalua and Frank Kalua, her husband, conveyed said premises to the respondent, Pioneer Mill Company, Limited, by deed dated· October 27th 1922, and recorded in Liber . . . ., on page . . . . .

"That at the time of said conveyance, the' said Mary Kalua was a minor of less than eighteen (18) years of age.

"11th   That on or about January 9th 1926, the said Mary Kalua and Frank Kalua, her husband, conveyed said premises to the complainant, Ramona Jellings, by deed recorded in Liber 804, on pages 235 and 236,

whereby the said Mary Kalua has disaffirmed her deed to the respondent, Pioneer Mill Company, Limited.

"That at the time of the said conveyance to the said Ramona Jellings and the disaffirmation of the said deed to Pioneer Mill Company, Limited, said Mary Kalua was over twenty-one (21) years of age.

"12th  That on or about the 14th day of June, A. D. 1923, the trustees of the estate of H. P. Baldwin, deceased, bought from one Joe Andrade two (2) shares in the said ·Moomuku, formerly belonging to one Joe Manuel, by deed dated June 14th 1923 and recorded in Liber 692, on page 290.

"13th  That on or about the 23d day of December, A. D. 1923, the trustees of the estate of H. P. Baldwin, deceased, conveyed to Baldwin Packers, Limited, twenty-eight-twenty ninths (28/29) interest, more or less, in Apanas 1, 2, 3 and 4 of the ili aina of Moomuku, known as the hui aina of Moomuku, Kaanapali, Lahaina, County of Maui.

"14th  That at the time of the said conveyance from the trustees of the estate of H. P. Baldwin, deceased, of twenty-eight-twenty-ninths (28/29) shares, or interest, more or less, in Moomuku aforesaid, to Baldwin Packers, Limited, the said Baldwin Packers, Limited, knew, or had several reasons to know, that the trustees of the estate of H. P. Baldwin, deceased, had already conveyed a portion of Moomuku, measured by metes and bounds, to the said Lahela Reimann, on or about July 30th, 1921.

"15th  That on or about the 18th day of February, A. D. 1926, said Baldwin Packers, Limited, conveyed to the respondent, Pioneer Mill Company, Limited, two (2) shares in the said Moomuku, conveyed to the said Harry A. Baldwin, and other trustees of the estate of H. P. Baldwin, deceased, by deed of one Joe Andrade, dated the 14th day of June, 1923, and recorded in Liber 692, on page 290, and at the same time the said grantor conveyed to the said grantee all of its title and interest in the hui land of Moomuku through a deed given to the grantor by Kapena Nakunanahale Kaihe and E. Kaihe, her husband, by deed dated the 13th day of August, A. D. 1924, and recorded in Liber 747, on page 19.

"16th  That, at the time of the conveyance made by the

Baldwin Packers, Limited, to the respondent, Pioneer Mill Company, Limited, the said Pioneer Mill Company, Limited, well knew of the conveyance of the said premises conveyed by the executors or trustees of the estate of H. P. Baldwin, deceased, to Lahela Reimann on the 30th day of July A. D. 1921.

"17th   That on or about the 16th day of February, A. D. 1926, the complainant, Lahela Reimann, humbly requested the directors of Baldwin Packers, Limited, to convey or release its interest in the premises conveyed to the said Lahela Reimann by deed of the trustees of the estate of H. P. Baldwin, deceased, dated the 30th day of July, A. D. 1921, through the shares or interest in said Moomuku, bought by the estate of H. P. Baldwin, deceased, as stated in paragraphs 12 and 13 in this complaint, on the ground that the trustees of the estate of H. P. Baldwin, deceased, were and are estopped from making any claim to the piece or parcel of Moomuku which already had been conveyed by them to the said Lahela Reimann by said deed dated the 30th day of July, 1921, as stated above; and furthermore, on the ground that said Baldwin Packers, Limited, is also estopped from claiming an interest in said piece or parcel of Moomuku which was conveyed to said Lahela Reimann by deed of the trustees of the estate of H. P. Baldwin, deceased, dated the 30th day of July, 1921, on the ground that the owners and officers of said Baldwin Packers, Limited, well knew of the conveyance from the trustees of the estate of H. P. Baldwin, deceased, to Lahela Reimann on the 30th day of July, 1921.

"18th   That the complainants hereby claim that the deed or conveyance executed and delivered to said Lahela Reimann on the 30th day of July, A. D. 1921, by the said executors or trustees of the estate of H. P. Baldwin, deceased, carries with it all the interests the said H. P. Baldwin estate had at the time of the conveyance or any interest the said estate of H. P. Baldwin, deceased, might have had later on in the premises conveyed in the said deed dated the 30th day of July, A. D. 1921."

The foregoing recital omits formal allegations and

others not necessary to be considered upon this appeal. The prayer of the petition is as follows:

"Wherefore, your petitioners pray that the said respondents be summoned to appear before this court, and be required to make answer to this petition, and that, upon the trial of the issues herein, the court may decide that the deed which conveys shares or interest in the said Moomuku, conveyed by Baldwin Packers, Limited, to Pioneer Mill Company, Limited, dated the 18th day of February, 1926, may be cancelled and revoked, so far as the Lahela Reimann piece or parcel of land in said Moomuku is concerned.

"And that the court may further declare that all the interest of the executors or trustees of the estate of H. P. Baldwin, deceased, and Baldwin Packers, Limited, in the said piece of Moomuku, formerly conveyed by the said executors or trustees of the estate of H. P. Baldwin, deceased, on the 30th day of July, A. D. 1921, to one Lahela Reimann aforesaid, now belongs to Ramona Jellings aforesaid, and that the court will grant such other and further relief as to this honorable court may seem suitable and just in the premises."

A copy of the deed of July 30, 1921, referred to in complainants' bill, is annexed thereto as Exhibit "B." It recites that the five respondents first named in the title of this case "as Trustees of the late H. P. Baldwin, deceased, all of the Island and County of Maui, Territory of Hawaii, parties of the first part, for and in consideration of the sum of one dollar ($1.00)" to them in hand paid "by Mrs. Lahela Reimann of Napili, Island and County of Maui, aforesaid, party of the second part, * * * do hereby give, grant, bargain, sell and convey unto the said party of the second part" all of their "right, title and interest of any and whatsoever nature in, to or out of that certain piece or parcel of land situated at Honokowai, District of Kaanapali, Island and County of Maui, aforesaid, described as follows:—

"That part of Apana 1, of L. C. A. 11216 to M.

Kekauonohi (known as the Moomuku hui lands) lying mauka of the government road in Honokowai, between Apana 2 of L. C. A. 4249 to Kameeui and Apana 1 of L. C. A. 3699 to Meeau, and containing an area of three (3) acres, more or less.

"To have and to hold the aforementioned premises, together with all the rights and appurtenances belonging thereto, unto the said Mrs. Lahela Reimann, her heirs and assigns forever."

Stated in abridged form the grounds of demurrer in effect are:

1.   That the petition does not state facts sufficient to entitle the petitioner to any relief in equity;

2.   That the allegations in the said petition are too uncertain, vague, indefinite and unintelligible to require answer;

3.   That said petition does not set forth the terms of the alleged written agreement nor is profert made of the same;

4.   Misjoinder of parties plaintiff;

5.   Affirmative showing that Lahela Reimann and A. H. Reimann, her husband, have no present right, title or interest in the premises described;

6.   Misjoinder of parties defendant;

7.   That the deed (Exhibit "B") shows that only the present interest of the grantors was conveyed and that Lahela Reimann is not entitled to any interest subsequently conveyed to the grantors;

8.   That said petition does not show that Ramona Jellings and David P. Jellings have any claim against respondents or any of them;

9.   That petitioners have not established legal title to the lands described in Exhibit "B;"

10.   That the petition does not allege that petitioners or any of them are in possession of said lands;

11.   That it affirmatively appears that petitioners have an adequate remedy at law;

12.   That the petition shows that petitioners are attempting to sue on a contract required to be in writing under the statute of frauds;

13.   That the title or claim of petitioners appears not to be an equitable one and that the petitioners are not in possession of the land described.

The trial judge sustained the demurrer upon the grounds numbered 1, 2, 3, 4, 5, 8, 9, 10, 12 and 13.

Paragraph numbered three of the petition as above set forth alleges a verbal agreement on the part of the trustees, for a consideration later executed, to convey to Lahela Reimann a piece of land in Moomuku "in fee simple, clear of all encumbrances, which piece contains an area of about three (3) acres." It also alleges that the verbal agreement was later reduced to writing. In the brief of counsel for complainants (p. 9) and in oral argument upon appeal it was admitted that the instruments referred to which reduced the prior verbal agreement of the parties to writing were the exchange deeds, copies of which were attached to the petition as complainants' Exhibits "A" and "B." Exhibit "A" is the deed of the Reimanns to the trustees. Exhibit "B" is the deed of the trustees to Lahela Reimann and alone contains the description of the property conveyed or to be conveyed by the grantors to the grantee therein named. Under the allegations of the petition the description in the deed must control. Exhibit "B" recites that the land therein described is known as hui land, and the deed, of which said exhibit is a copy, does not purport to convey anything more than the right, title and interest of the grantors in said land. Furthermore it purports to be the deed of the respondents named, acting as trustees of the estate of H. P. Baldwin, deceased, and, as is usual

in the case of conveyances executed by fiduciaries under general powers, it contains no covenant of warranty or similar covenant on the part of the grantors.

The petition does not allege that the Reimanns were induced to make the exchange of deeds referred to by reason of any false representation on the part of the respondents or any of them as to the extent of the respondents' interest in the land above described, or that in said transaction any respondent was guilty of misrepresentation, fraud or deceit.

The petition does not allege that in said exchange there was mutual mistake as to the subject matter or as to the terms of the alleged agreement; and the trial judge was not asked to reform the instruments exchanged by the Baldwins and the Reimanns. None of the complainants are alleged to be in possession of said premises or any part of the same, nor to have established legal title to the same by action at law.

In our opinion the petition is fatally defective upon demurrer, both as a bill for specific performance and as a bill to quiet title, and in either aspect sets forth no sufficient ground for equitable relief.

As a bill for specific performance the only allegation of an agreement yet to be performed by the respondents is contradicted by the attached copy (Exhibit "B") of the agreement itself.

Complainants' bill cannot be maintained as a bill of peace to quiet title in the absence of an averment that the complainants have established their title through litigation at law (*Paiko* v. *Boeynaems,* 21 Haw. 196) ; nor as a bill *quia timet,* to remove a cloud for the reason that it is brought by complainants not shown to be in possession of the land (*Bertelmann* v. *Lucas,* 28 Haw. 1; *Frost* v. *Spitley,* 121 U. S. 552; *United States* v. *Wilson,* 118 U. S. 86). Equity in such cases has no jurisdiction

unless its aid is required to remove obstacles which prevent a successful resort to an action of ejectment, or when, after action at law, its jurisdiction is invoked to prevent a multiplicity of suits, or there are other specific equitable grounds for relief (*United States* v. *Wilson, supra*). See *Kapuakela* v. *Iaea,* 9 Haw. 555; *Magoon* v. *Kapiolani Estate,* 22 Haw. 510; *Waal* v. *Sakagi,* 27 Haw. 609.

Paragraph numbered eighteen of the complainants' bill, hereinabove quoted, asserts a claim in complainants' behalf to all interests in said land acquired by the said H. P. Baldwin estate after the date of the above named deed of July 30, 1921, a copy of which is marked complainants' Exhibit "B." The above named reference to an after-acquired interest evidently applies to the two shares alleged in paragraph twelve of said bill to have been bought by the trustees from Joe Andrade and afterwards transferred by mesne conveyances to the Pioneer Mill Company, Limited, as set forth in paragraphs thirteen and fifteen of said bill.

The contract between the Reimanns and the trustees, as above set forth, contained no express provision for the transfer of later acquired interests in said land and there were no covenants in said deed (Exhibit "B") which would justify the claim of the complainants above referred to. This fact obviates the necessity of a discussion as to what effect such a covenant or covenants might have had if contained in the deed of the trustees, in the absence of an allegation of a grant of power to the trustees to make such a covenant or covenants on behalf of their *cestui que trust.*

In the case at bar the words of grant in the deed (Exhibit "B"), as above set forth, refer expressly to all the right, title and interest of the grantors in and to the land therein particularly described; and no further

interest was thereby passed or warranted.   See *Robello v. Gerard,* 6 Haw. 609; *Nakeu v. Hiwauli,* 6 Haw. 596.

In the two cases last above cited the deeds contained covenants which were held to be covenants of warranty, but even so the court in each case held that the warranty was a warranty of the title purported in the deed to be conveyed.   "The covenants in a deed are restricted to the grant, and if the grantor conveys only his own right and title in the premises he is not liable upon his covenants of warranty even against persons claiming under his own previous conveyances."   *Robello v. Gerard, supra.*

In the case of *Hanrick v. Patrick,* 119 U. S. 156, the Supreme Court of the United States, as set forth in the syllabus, held that "a covenant of general warranty in a deed of 'all the right, title and interest' of the grantor in the premises described does not estop him from asserting a subsequently acquired title thereto."   Quoting from the text of the opinion of the court by Mr. Justice Matthews on page 175 of the report last above cited:   "The covenant of warranty in the deed to Sargent, however, relates only to the premises granted, which the grantors agree to warrant and defend, and the premises granted are described as 'one undivided half of all my right, title, and interest in and to the following described lands,' and cannot, therefore, operate as an estoppel preventing the grantors from asserting any subsequently acquired title. The conveyance and the covenants are both confined to the right, title, and interest which Eliza M. O'Brien had at the date of the deed, expressly referred to and described in the deed of February 1, 1878, as the interest conveyed by the deed from Jenkins.   There is no recital in the deed to estop her as to the character of her title or the quantum of interest intended to be conveyed within the rule laid down by this court in *Van Renssalear v.*

*Kearney,* 11 How. 297. In the absence of such recital, a covenant of general warranty, where the estate granted is the present interest and title of the grantor, does not operate as an estoppel to pass a subsequently acquired title. The rule on that point seems well stated by Mr. Rawle, Covenants for Title, 4th ed., 393, in the following language: 'Where the deed, although containing general covenants for title, does not on its face purport to convey an indefeasible estate, but only the right, title and interest of the grantor, in cases where those covenants are held not to assure a perfect title, but to be limited and restrained by the estate conveyed, the doctrine of estoppel has been considered not to apply; in other words, although the covenants are as a general rule invested with the highest functions of an estoppel in passing, by mere operation of law, an after acquired estate, yet they will lose that attribute when it appears that the grantor intended to convey no greater estate than he was possessed of.' "

*A fortiori* does the foregoing reasoning apply to deeds which contain no covenants of warranty.

In *Nye* v. *Lovitt,* 92 Va. 710, where a conveyance was made by a trustee with whom the *cestui que trust* united as a party of the third part in order that the deed might show upon its face that the trustee, in making the conveyance, was exercising the power vested in him by the deed creating the trust with her knowledge and by her direction, but it did not appear from the deed that she made any warranty or other covenant for title, or that she made any averment or affirmation that she was seized of or entitled to a particular estate in the land which the deed purported to convey, it was held that she was not estopped from relying upon her after-acquired title in an action of ejectment.

Applying the rules announced to the bill and exhibits in the case at bar, in our opinion where grantors having an interest in land convey the same by deed containing no averment that they are seized or entitled to any other or different estate, and containing no warranty or other covenant for title, they are not estopped from setting up an after-acquired title to other interests in said land.

The petition being fatally defective in the particulars above set forth and said defects being fully covered by grounds 1, 8, 9 and 10 of said demurrer, all properly held by the trial judge to be well taken, it is unnecessary for this court to consider other grounds of demurrer presented to or passed upon by the trial judge.     See *Colburn* v. *Holt,* 19 Haw. 65.

The decree below sustaining the demurrer of the respondents is affirmed.

*W. C. Achi* (also on the briefs) for complainants.

*I. M. Stainback* and *C. D. Pratt* (*Smith, Warren, Stanley & Vitousek* and *I. M. Stainback* on the brief) for respondents.